Oren F. POTITO, Oren F. Potito and Helen M. Potito, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 76-1008
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 23, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William R. Frazier, Jacksonville, Fla., Charles R. Rowe, Ocala, Fla., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, App. Sect., Gary R. Allen, Atty., George G. Wolf, U. S. Dept. of Justice, Washington, D. C., Tax Div., Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Taxpayers Oren and Helen Potito appeal the decision of the United States Tax Court determining deficiencies in their federal income taxes for 1963, 1964 and 1965.[1] A 5% negligence penalty was imposed. With possible minor exceptions, the issues are purely factual. An appraisal of the record leaves us convinced that petitioners failed, utterly, to carry their burden of rebutting the presumptive correctness of the Commissioner's assessment. Therefore, the lower court's resolution of the facts and its legal conclusions are not clearly erroneous.

Petitioner's 1963, 1964 and 1965 income tax returns listed Continental Engineering, his solely owned appliance and air conditioner repair service, as the only source of his income. The gross receipts of the business were listed as $7,320, $8,730, and $7,300 for the years in question, respectively. After claiming extensive business deductions and depreciation, petitioner showed a net profit of $328.74 for 1963, $817.90 for 1964, and a net loss of $297.66 for 1965. No federal income taxes were paid for these three years. Thus, adding depreciation and net profit, Potito was left with a disposable income of $1,453.40 in 1963, $2,523.39 in 1964, and $1,452 in 1965.

The Commissioner determined that there were several income items not reported on the returns, that business deductions were grossly overstated, and that petitioner was entitled to no depreciation. IRS found that Potito, as minister of the Church of Jesus Christ-Christian, exercised exclusive dominion and control over the organization's funds while receiving no salary specified as such. The Church's income was therefore taxable to him personally after allowing for necessary expenses. Petitioner maintained below that his church in St. Petersburg was affiliated with an organization by the same name established in California that enjoyed a tax-exempt status. Therefore, the monies he collected were not taxable to him, or alternatively if he was chargeable with the Church's income, he had already included it in his reported income. In his brief on appeal, Potito abandons any claim of exemption. He relies solely on the claim that the receipts have already been reported.

The taxpayer was also charged with the income produced by The National Christian News, a newspaper which he edited and distributed as an adjunct to his church activities.

In 1963 a Mr. and Mrs. Whitman agreed to back Potito in developing a new type automobile cooler which would supposedly revolutionize automobile air conditioning. To this end $2,920 was placed at petitioner's disposal in a bank account in Pinellas Park, Florida. Potito was to organize a corporation by the name of National Engineering to develop, manufacture, and market the invention. Although the corporation was never organized, substantial funds were expended from the account. When Potito refused to justify or explain the expenditures, the Whitmans decided to close the account

---

1. The case involves Oren Potito's individual return for 1963 and 1964, and his 1965 joint return with his wife Helen.

in either 1964 or 1965 and withdrew the $1300 balance which remained. The Commissioner charged the taxpayer with the entire $2,920 as income. The Tax Court modified this determination to charge Potito only with the $1,620 which he expended and failed adequately to account for. Also in 1963, petitioner received $1,000 from the Whitmans to purchase silver dollars for them. Mrs. Whitman testified that she and her husband never received the silver. Accordingly Potito was charged with this $1,000 as income in 1963.

In 1964 petitioner received a new 19-foot Seabreeze boat, 80 horsepower motor, and trailer from Mr. and Mrs. Ernest Stevens, two of his parishioners. IRS found these items constituted payment to Potito for his services as their minister, and were not a gift; thereby adding $2500 to his income in 1964.

In regard to business expenses the Commissioner determined that the taxpayer's records substantiated allowable items in the amounts of $3,018.52, $3,659.99, and $4,931.90 for the three years in question. The balance of the business deductions claimed on the returns was disallowed. Potito's only records of his business activities consisted of cancelled checks and receipts which the Tax Court found "generally incomprehensible". As for depreciation deductions for an automobile, a truck, three tape recorders, shop tools, office furniture, and equipment, the taxpayer failed to demonstrate the requisite basis of the assets, their useful life, salvage value, and extent of personal use. All depreciation was denied.

Potito challenges all these findings of the Commissioner which were sustained at trial, claiming that he is being persecuted by the Government and Tax Court Judge because of his religious beliefs. In our opinion, the record simply fails to support this assertion. In one sentence in his opinion, the Judge describes the nature of petitioner's religion, but only by way of explanation, not of any other significance. The transcript reveals that the petitioner had a fair and impartial hearing.

The Commissioner's determination of a tax deficiency bears the presumption of correctness and the burden of disproving the deficiency rests with the taxpayer. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212, 215 (1933); *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623, 629 (1935); *Armes v. Commissioner of Internal Revenue*, 5 Cir. 1971, 448 F.2d 972, 973. Potito's evidence consisted of his own self-serving testimony and a morass of checks and receipts. The Tax Court found his testimony to be in conflict with that of other witnesses as well as being inherently unreasonable or improbable. Such testimony is certainly not controlling *per se* nor is a court required to accept it. *Stein v. Commissioner of Internal Revenue*, 5 Cir. 1963, 322 F.2d 78, 82. On the basis of the taxpayer's inadequate evidence as applied to each of the issues individually considered below we cannot say that the Tax Court's resolution was clearly erroneous. *Armes v. Commissioner of Internal Revenue, supra* at 974; *Stein v. Commissioner of Internal Revenue, supra.*

The Tax Court found that the church income, at least in the amounts actually deposited in the church's bank account, had not been reported on Potito's tax return. The finding is supported by the tax returns themselves which indicate gross receipts only from Continental Engineering. Potito's return preparer stated that petitioner never informed her of any other income source. Since Potito signed his tax return and verified that it was true and correct as to every material matter, the Court could discount his testimony as to the income actually reported. Further, a cursory review of the taxpayer's actual expenditures for personal living expenses indicates that they exceeded the amount of disposable income reported to the Revenue Service, that is, taxpayer's records indicate that he spent more than his reported receipts.

The law is settled that funds diverted to one's own use constitute taxable income. *United States v. Rochelle*, 5 Cir. 1967, 384 F.2d 748, *cert. denied*, 390 U.S. 946, 88 S.Ct. 1032, 19 L.Ed.2d 1135 (1968);

*Akers v. Scofield,* 5 Cir. 1948, 167 F.2d 718, *cert. denied,* 335 U.S. 823, 69 S.Ct. 47, 93 L.Ed. 378 (1948). No records were introduced to show how the funds for National Engineering were spent and Mrs. Whitman testified that taxpayer refused to account for them. Regardless of whether Mr. Whitman did or did not have to countersign the checks written on the account, petitioner still failed to substantiate the business nature of the expenditures. That the Whitmans still controlled the funds is also inconsistent with taxpayer's statement that he was responsible for paying the rent on the business's location. Mrs. Whitman's testimony was not a model of clarity, but she was quite specific regarding petitioner's failure to account for his expenditure of National Engineering's money and his failure to deliver the silver for which she and her husband had given him $1,000.

In regard to the boat, the Supreme Court has clearly articulated the standard by which to judge whether an item is a gift or income. In *Commissioner of Internal Revenue v. LoBue,* 351 U.S. 243, 248, 76 S.Ct. 800, 803, 100 L.Ed. 1142, 1148 (1956), the Court determined that the taxpayer must show that a transfer of property is out of "detached and disinterested generosity" in order to be classified as a gift. The Commissioner determined that Potito received the $2500 item in return for services he rendered as minister of the church. here the critical test was the parishioners' intention. *Bogardus v. Commissioner of Internal Revenue,* 302 U.S. 34, 43, 58 S.Ct. 61, 82 L.Ed. 32 (1937). Other than his own contentions, petitioner introduced absolutely no evidence of that intention. Therefore, we do not appraise the Tax Court's legal determination that this property constituted income in the same manner as the church's cash receipts as being wrong.[2]

---

**2.** As an appellate court, our power of review over the lower court's ultimate determination as to whether or not the item constituted income is plenary and not limited by the clearly erroneous rule. As indicated above we find the Tax Court's legal conclusion correct. *See Bied-*

Among his complaints petitioner alleges that the Tax Court erroneously found that all expenses listed on his return were attributable to Continental Engineering and that he mailed his newspaper at bulk rate rather than first class. As to the first, it is irrelevant to which enterprise the expenses were attributable as long as the taxpayer was allowed those expenses which he was able to substantiate. As to the latter, whether petitioner paid a higher or lower postal rate and is entitled to a greater or smaller deduction is dependent upon what his records verify. In the words of the trial judge, the records "contain duplicate checks or vouchers in the same or different categories of expenses, documents reflecting personal or capital expenditures and were generally incomprehensible". Potito claims that at least a partial reason for the poor quality of his documentation is that some of his records were lost in a break-in in June of 2964. In the first place, the break-in was not documented; second, he states that he was able to retrieve at least 70–80% of his records; third, the break-in in 1964 fails to explain the dearth of evidence for 1965. Petitioner bears the responsibility for his inadequate or non-existent bookkeeping system, not the Tax Court.

Taxpayer made absolutely no attempt to provide the background evidence necessary to sustain his claimed depreciation deductions. He established his cost basis in one item only, and failed to show the useful life, salvage value, and extent of personal use of any of the alleged depreciable items.

The Internal Revenue Code of 1954 provides,

> If any part of any underpayment . . . of any tax . . . is due to negligence or intentional disregard of rules or regulations . . . there shall be added to the tax an amount equal to 5 percent of the underpayment. 26 U.S.C.A. § 6653(a).

*enharn Realty Company v. United States,* 5 Cir. 1976, 526 F.2d 409, 416 n. 25 (en banc); *United States v. Winthrop,* 5 Cir. 1969, 417 F.2d 905, 910; *Thomas v. Commissioner of Internal Revenue,* 5 Cir. 1958, 254 F.2d 233, 236.

■ The negligence penalty was assessed for each of the three years involved. Potito bore the burden of proving that imposition of the penalty was improper. Since "failure to keep books and documents necessary to form a rational basis for the income reported and the expenses deducted" is a ground for application of the penalty, the taxpayer's objection here must fail. *Marcello v. Commissioner of Internal Revenue,* 5 Cir. 1967, 380 F.2d 499, 507.

The judgment of the Tax Court is AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.