John A. FRAZIER, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 80–1563.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1981.

Decided Jan. 22, 1981.

John A. Frazier, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, Richard N. Bush, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENSON, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Taxpayer, John A. Frazier, is appealing the Tax Court's decision upholding the Commissioner's determination of income tax deficiencies for the years 1973, 1974 and 1975, and the imposition of tax additions pursuant to 26 U.S.C. § 6653. We affirm.

The four issues decided by the Tax Court and presented to this court on appeal are whether: (1) taxpayer is entitled under 26 U.S.C. §§ 151(e) and 152 to any of the dependency exemptions claimed on his 1973, 1974 and 1975 income tax returns; (2) taxpayer is entitled to file his 1973, 1974 and 1975 returns as an unmarried individual; (3) taxpayer's standard deduction for 1973 and 1974 is the maximum for married individuals filing separate returns or the maximum allowed for unmarried individuals; and (4) taxpayer is liable for additions to tax under § 6653(a).

This is not the first time Frazier has been before this court with similar issues. In

*Frazier v. Commissioner*, 551 F.2d 1118 (8th Cir. 1977), this court affirmed the Tax Court's finding of deficiency of Frazier's 1972 income tax return. The Tax Court found that Frazier was not entitled to the eight dependency exemptions he had claimed. This court affirmed on the basis of the Tax Court's opinion, limiting its affirmance to the finding that Frazier failed to prove that he provided over half of the support for the eight children. We specifically reserved and did not decide two issues decided by the Tax Court: (1) whether the "separation pursuant to a New York Family Court order directing a taxpayer to stay away from his wife does not constitute separation within the meaning of 26 U.S.C. § 152(e)"; and (2) whether "family medical insurance premiums wholly paid by a taxpayer's employer cannot be treated as support provided by the taxpayer." *Ibid.*

 Upon careful consideration of the record, we agree in large measure with the Tax Court's finding and conclusions. First, we agree that taxpayer is not entitled to any of the claimed exemptions under sections 151(e) and 152(a), because he failed to prove that he provided over half the total support of each child claimed on his tax returns for the years 1973, 1974 and 1975. Further, taxpayer does not qualify for the special rule of § 152(e)(2)(B) because (1) the children did not receive over half their support during the calendar years from their parents, and (2) taxpayer was not "legally separated" during these years within the meaning of § 152(e).[1] Not being legally separated, taxpayer is not entitled to file his returns as an unmarried individual, and is entitled only to the standard deduction allowed married individuals filing a separate return.[2]

We also sustain the § 6653(a) tax additions. Taxpayer failed to sustain his

burden of disproving negligence and there is sufficient evidence to support the Commissioner's finding of negligence. *See, e. g., Potito v. Commissioner*, 534 F.2d 49 (5th Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 751 (1977).

We harbor reservations about the propriety of the Tax Court's holding that family medical insurance premiums wholly paid by a taxpayer's employer cannot be treated as support provided by the taxpayer. However, we find it unnecessary to resolve that issue here since inclusion of those premiums in amounts expended by the taxpayer does not raise to one-half the amount of parental contribution to support of the children.

Accordingly, we affirm the judgment on the basis of the Tax Court's opinion, *Frazier v. Commissioner*, T.C.Memo. 1979–515 (Dec. 27, 1979), with the exception of the employer-paid health insurance premiums issue which, as indicated, we find it unnecessary to decide. *See* Eighth Circuit Rule 14.

---

1. The orders of support and protection issued by the New York Family Court on behalf of Mary Frazier, taxpayer's wife, do not constitute a legal separation under a decree of divorce or of separate maintenance within the meaning of sections 143 and 152(e). *Cf. Hellen Kellner*, T.C.Memo. 1971–03 (1971), *aff'd*, 468 F.2d 627 (2d Cir. 1972) (per curiam).

2. The statutory language of § 152(e) is the same as § 143, which defines marital status for § 1(c) (unmarried filing status) and § 141 (standard deduction), with the addition of "... or who separated under a written separation agreement, ...." This last category is not applicable in this case.