Chester A. SWART, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 81–3318 AWT.

United States District Court, C.D. California.

April 20, 1982.

Charles Downing, Long Beach, Cal., for plaintiff.

Jeffrey G. Varga, Asst. U.S. Atty., Los Angeles, Cal., Glenn L. Archer Jr., Asst. Atty. Gen., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

TASHIMA, District Judge.

This is an action for refund of a $100.00 penalty which was imposed upon plaintiff by the Internal Revenue Service ("I.R.S."), for negligent disregard of I.R.S. rules and regulations, in violation of 26 U.S.C. § 6694.[1] Federal jurisdiction is properly in-

---

1. Section 6694(a) provides,
"If any part of any understatement of liability with respect to any return or claim for

refund is due to the negligent or intentional disregard of rules and regulations by any person who is an income tax preparer with

voked under 28 U.S.C. § 1346(a)(1). Discovery is complete and defendant now moves for summary judgment. Rule 56(b), Fed.R.Civ.P. After consideration of the written record, as well as the oral arguments of counsel, I find that there are no controverted issues of material fact and that defendant is entitled to summary judgment as a matter of law.

For purposes of this motion, defendant has accepted and the Court accepts as true plaintiff's version of the facts relevant to this dispute. Chester A. Swart is a certified public accountant who regularly prepares income tax returns as part of his business. In 1978, Swart was asked to prepare the 1977 United States Individual Income Tax return for Michael and Maria Tracy ("the Tracy return"). In the course of an interview with the Tracys, Swart learned that they had paid $2,890.00 to another individual as the result of an automobile accident. Swart included the $2,890.00 on the Tracy return as a casualty loss.

Plaintiff admits that the inclusion of the deduction was "squarely in conflict with FTR [Treas. Reg.] 1.165–7(a)(3)," and that he was aware of the existence of this rule at the time the deduction was included on the Tracy return. According to plaintiff, his inclusion of the casualty loss was a "bonehead mistake," caused principally by extreme fatigue stemming from his heavy (tax season) workload and his attending law school in his spare time. Although Swart reviewed the Tracy return prior to its submission, he failed to detect the error.

The Tracy return was subsequently audited by the I.R.S.; understandably, the casualty loss was disallowed. Subsequently, the Director of the I.R.S. assessed a $100.00 penalty against Swart pursuant to § 6694(a). Swart paid the penalty and filed a claim for refund. The I.R.S. disallowed the claim for refund; this action followed.

Both parties agree that the sole issue presented by this case is whether Swart acted in negligent disregard of I.R.S. rules, thereby violating § 6694(a). Although there are no factual conflicts, plaintiff asserts that the issue of negligence is not one which is susceptible to determination on a motion for summary judgment.

While it is generally true that issues of negligence should not be resolved by summary judgment, *Arney v. United States,* 479 F.2d 653, 660 (9th Cir.1973), there may be circumstances in which summary judgment is warranted. The Fifth Circuit's decision in *Nunez v. Superior Oil Co.,* 572 F.2d 1119 (5th Cir.1978), provides an excellent analysis of the factors to be considered in deciding whether to grant summary judgment in a case such as this one. There, the court stated:

"If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved. Under those circumstances, which may be rare, the judge who is also the trier of fact may be warranted in concluding that there was or was not negligence, or that someone acted reasonably or unreasonably ... A trial on the merits would reveal no additional data. Hearing and viewing the witnesses subject to cross-examination would not aid the determination if there are neither issues of credibility nor controversies with respect to the substance of the proposed testimony. The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial."

*Id.* at 1123–24; *see also Berry v. Atlantic Coast Line R.R.,* 273 F.2d 572, 581–82 (4th Cir.1960); *Silow v. Truxmore Indus., Inc.,* 449 F.Supp. 997, 1000 (D.Del.1978).

In this case, all relevant evidence is now before the Court. The only potential witness is Chester A. Swart and his version

respect to such return or claim, such person shall pay a penalty of $100 with respect to

such return or claim."

of the facts is not disputed. A trial would not serve to reveal additional data; there are no issues of credibility. Moreover, this case, if tried, will be adjudicated by the Court rather than a jury. It is, therefore, one in which, "The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial." *Nunez, supra,* 572 F.2d at 1124.

Turning, then, to the merits of the case, I find that plaintiff was clearly negligent in his inclusion of a casualty loss deduction on the Tracy return; therefore, he was properly assessed a $100.00 penalty. This conclusion is compelled both by the legislative history of § 6694(a) and by the cases construing an analogous statute, 26 U.S.C. § 6653(a).[2]

Section 6694 was enacted as part of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, and is only one of several administrative reforms designed to regulate the conduct of income tax preparers. H.R. Rep. No. 94–658, 94th Cong., 2d Sess. 273, *reprinted in* [1976] U.S.Code Cong. & Ad. News 2897, 3169. These reforms were enacted in response to the increasing number of professional income tax preparers and because of the number of abuses by such persons which had been detected by the I.R.S.

The legislative history reveals that the penalties provided in § 6694(a) are "primarily aimed at deterring income tax return preparers who prepare a large number of returns from engaging in neglegent [sic] or fraudulent practices designed to understate a taxpayer's liability." *Id.* at 3174. "The penalty applies generally to every negligent or intentional disregard of such rules and regulations except that a good faith dispute by an income tax preparer about an IRS interpretation of a statute (expressed in regulations or rulings) is not considered a negligent or intentional disregard of rulings and regulations." *Id.* "The provision is thus to be interpreted in a manner similar to the interpretation given the provision under present law (sec. 6653(a)) relating to disregard of I.R.S. rules and regulations by taxpayers on their own returns." *Id.*

While the meaning of the term "negligence" for purposes of § 6694(a) has not been the subject of judicial interpretations, the term has been construed by federal courts in connection with 26 U.S.C. § 6653(a). Given Congress' expressed intent that § 6694(a) be construed in a manner similar to § 6653(a), those cases are applicable here. Negligence is defined as lack of due care or failure to do what an ordinary reasonably prudent person would do under the circumstances. *Marcello v. C.I.R.,* 380 F.2d 499, 506 (5th Cir.1967), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968). Courts have held that mere carelessness, however innocent, constitutes negligence under § 6653(a). *See, e.g., Mack v. C.I.R.,* 429 F.2d 182 (6th Cir.1970) (innocent failure to keep contemporaneous records of race track winnings constituted negligence); *Harris v. United States,* 431 F.Supp. 1173 (E.D.Va.1977) (failure to include certain income due to emotional distress from wife's illness constituted negligence).

To prevail, plaintiff must prove that the penalty assessed by the I.R.S. was improper. *Potito v. C.I.R.,* 534 F.2d 49, 53 (5th Cir.1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 751 (1977); *Marcello, supra,* 380 F.2d at 506. From the record in this case, it is clear that plaintiff cannot meet this burden, and that the I.R.S. had ample justification to impose a tax preparer's penalty upon him. Plaintiff admits that, by virtue of his physical and mental exhaustion, he made a serious error in preparing the Tracy return. While he could have asked the I.R.S. for an extension, hired an assistant, accepted fewer clients or

2. Section 6653(a) provides,
   "If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment."

done a number of other things, as prudence dictated, to alleviate the circumstances causing his exhaustion, Swart continued to prepare returns until he was so exhausted that he forgot a very basic tax regulation. In so doing, he failed to exercise the level of care which an ordinary reasonable person would have exercised under the circumstances.

For the foregoing reasons, based on the uncontroverted facts, I conclude that summary judgment should be granted in favor of defendant United States of America.