**Billie James and Patricia Virginia LEDBETTER, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 87–4454**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1988.

Rehearing Denied March 29, 1988.

Billie James and Patricia Virginia Ledbetter, pro se.

Michael L. Paup, Chief, William S. Rose, Jr., Gary R. Allen, Richard Farber, Robert L. Baker, Appellate Sec., Tax Div., Dept. of Justice, Washington, D.C., for C.I.R.

Before REAVLEY, KING and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Petitioners Billie James Ledbetter and Patricia Virginia Ledbetter challenge the income tax deficiencies assessed against them for the years 1979, 1980, and 1981, which were affirmed by the United States Tax Court in *Ledbetter v. Commissioner*, T.C.M. 575 (1986). We affirm the Tax Court's decision.

I

The petitioners, whose legal residence is in Houston, Texas, filed joint 1040 forms for the years 1979, 1980, and 1981. All returns were complete on their face except that, on the forms for 1979 and 1980, the words "under penalties of perjury" were crossed out. The return filed by the petitioners for 1981 was not so altered.

On December 14, 1984, the Commissioner issued the taxpayers separate statutory notices of deficiency for each year, alleging several deficiencies in the returns. First, the Commissioner determined that the returns for 1979 and 1980 were invalid because they had not been signed under penalties of perjury. Accordingly, the Commissioner divided all incoming deductions

equally between the taxpayers (pursuant to the community property laws of Texas) and redetermined their tax liabilities separately for those two years. In reassessing the tax liability, the IRS disallowed deductions for charitable contributions allegedly made to the Universal Life Church for the years 1979, 1980 and 1981, and included a $9,000 gain on the sale of a truck. The IRS also disallowed depreciation, taken under the double-declining-balance method, for a truck and motorcycle owned by the petitioners, and reassessed the deduction under the straight-line method. Finally, the Commissioner assessed a five percent addition to tax for negligence or intentional disregard of the tax law pursuant to Code sections 6651(a)(1), 6653(a) and 6654(a).

The IRS assessments were all upheld by the Tax Court. On appeal, the Ledbetters reassert their challenges to these assessments. We affirm the Tax Court's decision. The Commissioner's determination of a tax deficiency bears the presumption of correctness, and the burden of disproving the deficiency rests with the taxpayer. *Potito v. CIR*, 534 F.2d 49 (5th Cir.1976) (citing *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933)). The petitioners here have failed to meet that burden.

## II

### A.

As an initial matter, the taxpayers argue that the 1040 forms filed for 1979 and 1980 were legally valid, having been signed, and that by deleting the statement "under penalty of perjury," he was merely exercising some unspecified constitutional right. This issue becomes crucial because I.R.C. § 6501 requires the IRS to assess tax within three years after filing of a return. No statute of limitations exists in the case of failure to file a return, however.

■ The significance of the failure to verify a return is unmistakably clear. IRC § 6065 specifically requires that a return "shall contain or be verified by a written declaration that it is made under the penalties of perjury." *See also* 26 C.F.R.

§ 1.6065–1a. Forms submitted to the IRS in which the verification language has been obliterated do not constitute valid returns. *United States v. Moore*, 627 F.2d 830 (7th Cir.1980); *Cupp v. Commissioner*, 65 T.C. 68, 78–79 (1975), *aff'd* in an unpublished opinion 559 F.2d 1207 (3d Cir.1977). The Ledbetters do not dispute the fact that they failed to sign the documents under penalty of perjury. As the district court correctly held, the effect of this failure is undeniable. Therefore, the notices of deficiency for the petitioners' 1979 and 1980 tax returns were timely.

### B.

■ The Ledbetters also claim that the Tax Court erred when it held that they had failed to prove that valid, deductible, charitable contributions were made by them to the Universal Life Church of Modesto, California. The Universal Life Church is an organization that was listed as a valid charity for purposes of tax deductions in the years 1979, 1980 and 1981. The petitioners claim that they made cash contributions to this organization in the amounts of $9,240, $1,647, and $1,845 for those years respectively. Billie James Ledbetter testified that these contributions were given in cash to a local chapter of the church which remitted the amounts to the church in Modesto. The IRS disallowed these contributions because, they contend, there is not sufficient evidence to indicate that they were actually made. At trial, the Ledbetters' only evidence that supported their testimony concerning the deductions to the church were three receipts purportedly prepared by personnel of the Universal Life Church of Modesto. Upon the IRS's objection, however, the court excluded these documents as inadmissible hearsay because the personnel who prepared them were not called to testify, and the documents did not fall within the business-records exception to the hearsay rule, Federal Rules of Evidence, Rules 802, 803 and 804. We find no error in the Tax Court's decision to exclude these receipts as unreliable evidence that the claimed cash contribution was in fact made. Indeed, the proffered receipt does

not explicitly state in what form the contribution was made and the amount of the contribution was clearly typed into a blank space, possibly allowing unauthorized use or alteration of the form receipt. Consequently we find no error in its decision that the petitioners failed to meet their burden of proving that the cash contributions were ever made, or if made were used for religious or charitable purposes and not for personal benefit. *See Hall v. Commissioner*, 729 F.2d 632 (9th Cir.1984).

### C.

The Ledbetters next contend that the Tax Court erred when it affirmed the Commissioner's decision that they had recognized a $9,000 gain on the 1979 sale of their Ford F–700 truck that had been depreciated as a business expense. The petitioners mistakenly argue that because the truck was sold, rather than repossessed, the district court erred in forcing them to recognize a gain. The recognition of gain does not depend, however, upon whether the truck was repossessed or sold; regardless of how it occurred, the Internal Revenue Code requires that the amount realized from the disposition of property be recognized as a gain to the extent that the income from the sale exceeds the depreciated basis. This includes any liability discharged as a result of the disposition. When the purchaser assumed the $9,000 debt on the truck, that amount had to be imputed as income to the taxpayer-sellers. The Ledbetters argue in the alternative that they paid $1,800 in order to clear the truck's title and that this $1,800 should be added to their adjusted basis in the truck. They produce no evidence, other than Mr. Ledbetter's own testimony, to establish that payment. The weight of such testimony is to be determined by the Tax Court. *Potito*, 534 F.2d at 51 (citing *Stein v. Commissioner of Internal Revenue*, 322 F.2d 78 (5th Cir.1963)). Again, the Ledbetters failed to meet their burden, and we find no error in the district court's decision.

### D.

Next the taxpayers challenge the IRS's evaluation of their depreciation deductions in 1980 and 1981 for a 1975 Dodge Custom van and a 1978 Honda 750 motorcycle. The taxpayers used a double-declining-balance method, authorized by section 167(b)(2) only if the original use of the property is in the trade or business of the taxpayer. The district court held that the Dodge Custom van could not be depreciated under an accelerated method because it was a used vehicle when acquired by the Ledbetters, and that the 1978 motorcycle, although purchased new in March 1978, was not used in business until 1979 or early 1980 when Mr. Ledbetter began his automobile repair business. The acquisition date of the motorcycle and the date of the start of business were both taken from Mr. Ledbetter's own tax returns, and the petitioners acknowledged at trial that the van had been acquired as a used vehicle. The district court merely applied Tax Regulation 1.167(c)–1(a)(6) to the facts admitted by the petitioners. Clearly, there was no error in this decision.

### E.

Finally, the petitioners challenge the additions to tax made by the Commissioner under sections 6651(a)(1) (for failure to file), 6653(a) (for underpayment of tax resulting from negligent or intentional disregard of rules and regulations), and 6654(a) (for underpayment of estimated tax). Again, the petitioners bore the burden of showing that these additions to tax were invalid, and again they failed. *See United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); *Bixby v. Commissioner*, 58 T.C. 757, 791 (1972), and *Grosshandler v. Commissioner*, 75 T.C. 1, 2021 (1980). Again, the petitioners adduced no evidence to support their contentions and there was no error in the district court's decision.

For the reasons given above, the judgment of the district court is

AFFIRMED.