T.C. Memo. 2005-200

UNITED STATES TAX COURT

HAROLD A. LANGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8704-04.                    Filed August 16, 2005.

Harold A. Lange, pro se.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $8,152 deficiency in petitioner's Federal income tax for 2002 and determined that petitioner was liable for a $2,038 addition to tax under section 6651(a)(1)[1] for failure to file timely (late filing addition) and

_____

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  All amounts have been rounded.

a $272 addition to tax under section 6654 for failure to pay estimated tax (estimated tax addition). After concessions,[2] there are five issues to be decided.

First, does the document petitioner submitted for 2002 constitute a valid return, and consequently, is petitioner liable for the late filing addition? We hold that it does not constitute a valid return, and therefore petitioner is liable for the late filing addition.

Second, are pension distributions and Social Security benefits petitioner received in 2002 taxable? We hold that they are.

Third, may petitioner claim itemized deductions for 2002 if petitioner's wife filed a "married, filing separate" return and claimed the standard deduction for the same year? We hold that he may not.

Fourth, is petitioner liable for the estimated tax addition for 2002? We hold that he is.

---

[2]In respondent's answer, respondent alleged that, because petitioner's wife filed a "married, filing separate" return for 2002, petitioner's filing status for 2002 was also "married, filing separate," not "single" status as set forth in the deficiency notice. The change in filing status increased the deficiency to $8,663, increased the addition to tax under sec. 6651(a)(1) to $2,165, and increased the addition to tax under sec. 6654 to $290. Respondent bears the burden as to the increased amounts. Rule 142(a)(1). Petitioner does not dispute that his filing status is "married, filing separately." Respondent also conceded that $702 from the Trust for the International Brotherhood of Electrical Workers Pension Benefit Fund petitioner received in 2002 was not taxable.

Fifth, shall we impose a penalty under section 6673 against petitioner?  Because we find petitioner's arguments to be frivolous, we shall impose a penalty against petitioner.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference.  Petitioner resided in Clarksville, Tennessee, at the time he filed the petition.

Petitioner was a retired electrical worker in 2002 and received retirement distributions.  Petitioner received $11,304 from the National Electrical Benefit Fund and $27,183 from the Electrical Workers Trust Fund.  Each of the Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. (Forms 1099-R), from the National Electrical Benefit Fund and the Electrical Workers Trust Fund indicated the full amount of the distribution was taxable.  The Forms 1099-R also indicated that no Federal income tax had been withheld from any of the distributions to petitioner in 2002.

Petitioner also received $14,388 in Social Security benefits in 2002.

Petitioner was married during 2002 to Janice E. Lange.  His wife timely filed a Federal income tax return for 2002 as "married, filing separate" status.  She claimed the standard deduction rather than electing to itemize deductions.  Claiming the standard deduction reduced her tax liability to zero.

Petitioner sent a document to the Internal Revenue Service (IRS) in Memphis, Tennessee, on April 14, 2003. The document included a Form 1040, U.S. Individual Income Tax Return (Form 1040) for 2002 along with Schedule A, Itemized Deductions, Schedule EIC, Earned Income Credit, a warning against removing any documents, a 38-page protest, a 17-page exhibit, and copies of the Forms 1099-R.

Petitioner included the pension distributions from the National Electrical Benefit Fund and from the Electrical Workers Pension Trust Fund, and reported taxable income of $47,513 on Form 1040. He also claimed $11,393 of itemized deductions, a $600 child tax credit, a $600 earned income credit, and a $1,677 additional child tax credit. Petitioner reported $1,345 as the "amount you owe" on line 73 of Form 1040.

Petitioner signed the Form 1040 without deleting anything from the jurat but wrote "under protest, without prejudice" in the space for the spouse's Social Security number and in the spouse's signature line. Petitioner's warning against removing any documents included a note stating that the 38-page protest document explained what petitioner meant by "under protest, without prejudice."

The 38-page protest included numerous arguments in which petitioner challenged the authority of the IRS over him and his obligation to pay income tax. These arguments include that he is not an "individual" subject to taxation, that only wages paid by the Government are subject to taxation, that non-Government

employees should not be taxed at the same rate as Government employees, and that applying tax rates to him is unconstitutional and constitutes a "crime of extortion and perjury." Petitioner also demanded in the 38-page protest that the IRS answer every point petitioner raised or be deemed to have admitted each point, and further, that the IRS could thereafter neither raise a defense to the contents of the protest document nor claim a tax liability against petitioner.

Respondent treated petitioner's documents as an invalid return and did not process them. Based on the Forms 1099-R, respondent issued a Notice of Deficiency (deficiency notice) to petitioner on February 27, 2004, determining the deficiency, the late filing addition, and the estimated tax addition. Petitioner timely filed a petition with this Court contesting respondent's determinations in the deficiency notice.

After receiving the deficiency notice, petitioner also sent a document to the IRS in Ogden, Utah, on May 22, 2004. This document included a Form 1040X, Amended U.S. Individual Income Tax Return (Form 1040X), for 2002 and a 30-page protest. The 30-page protest included the same "under protest, without prejudice" language and the same arguments petitioner included in the 38-page protest sent to the Memphis Service Center. The 30-page protest included due process and equal protection arguments that the IRS is illegally taxing both private sector workers and public employees at the same rate. Petitioner also advanced the "equal exchange theory" that essentially advocates that the

capital value of labor is equal to the value of wages and therefore wages do not constitute income or create a zero gain.

We warned petitioner at calendar call in Columbia, Tennessee (Nashville session) and also during trial that, if he continued to raise the type of arguments he was advancing, he was at risk of having a penalty under section 6673 imposed.  He persisted in advancing these arguments at trial.  The Court again warned petitioner in a written order dated June 7, 2005, regarding additional submissions petitioner sent the Court after trial.

OPINION

Petitioner raises the same issues here as he did in docket No. 7178-03 regarding 2000 on whether what he filed constituted a valid return, whether the pension distributions and Social Security benefits he received were taxable, and whether he is liable for the estimated tax addition.  We issued an opinion on July 19, 2005, in which we discussed in length all these issues and petitioner's arguments.  Lange v. Commissioner, T.C. Memo. 2005-176.  Because these issues in Lange are the same here, our holdings on these issues apply here.  Take v. Commissioner, T.C. Memo. 1985-388 (holding in a prior opinion on the same issue applies to the later year); Frazier v. Commissioner, T.C. Memo. 1979-515 (same), affd. 638 F.2d 63 (8th Cir. 1981).  We briefly discuss these issues.

There are two additional issues we must also determine here that were not raised in Lange.  First, we must decide whether petitioner may claim itemized deductions if his wife filed a

"married, filing separate" return and claimed the standard deduction. Second, we must decide whether to impose a penalty under section 6673 for raising frivolous arguments. We address each issue in turn.

Whether Petitioner Filed a Valid Return for 2002

We begin with whether petitioner filed a valid return for 2002. The documents that petitioner submitted for 2002 are nearly identical, apart from the monetary amounts, to the documents at issue in Lange. We found that statements qualifying the jurat and disclaiming liability in general vitiated the jurat, and therefore no valid return had been filed. See Lange v. Commissioner, supra (citing Sloan v. Commissioner, 53 F.3d 799, 800 (7th Cir. 1995), affg. 102 T.C. 137; Williams v. Commissioner, 114 T.C. 136 (2000); Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986)). Because petitioner vitiated the jurat in the same manner with respect to the documents he submitted for 2002, and based on our holding in Lange, we conclude that the documents petitioner submitted for 2002 do not constitute a valid return.[3] Accordingly, petitioner is liable for the late filing addition under section 6651(a)(1).[4]

---

[3]Nor do the documents petitioner sent to the Ogden Service Center on May 22, 2004, after the deficiency notice was issued to petitioner, constitute a valid return. The Form 1040X had the same "under protest, without prejudice" language and included the same arguments petitioner included in the 38-page protest sent to the Memphis Service Center.

[4]We further find that petitioner's frivolous protestations constitute neither reasonable cause nor lack of willful neglect for failure to file a return.

Pension Distributions

Next, petitioner claims, as he did in Lange, that the pension distributions he received in the relevant year are not taxable on the mistaken belief that he had contributed to the plan. Based upon the record, and upon our holding in Lange, we find that the pension distributions petitioner received in 2002 from the National Electrical Benefit Fund and from the Electrical Workers Pension Trust Fund are taxable because they were derived wholly from employer contributions. Lange v. Commissioner, supra (citing Ashman v. Commissioner, T.C. Memo. 1998-145, affd. 231 F.3d 541 (9th Cir. 2000); Knight v. Commissioner, T.C. Memo. 1989-219). We further find no evidence to support petitioner's "new" argument that the pension distributions are excludable under section 104 for personal injuries petitioner allegedly sustained while he was employed.

Social Security Benefits

We next address whether the $14,388 of Social Security benefits petitioner received in 2002 was taxable. Petitioner claims, as he did in Lange, that the Social Security benefits he received were not taxable. He argues that Social Security benefits are not taxable because they are a return of what he earlier contributed to the "United States Trust Fund." As in Lange, we conclude that 85 percent of the amount of Social Security benefits petitioner received, or $12,230 in 2002, is taxable. See sec. 86(a)(2), (c)(1) and (2).

Estimated Tax Addition

Next, we address whether petitioner is liable for the estimated tax addition under section 6654(a) for failure to pay estimated tax in 2002. Respondent asked petitioner at trial whether he had made any estimated tax payment in 2002, and he answered that he had not. In addition, petitioner's Forms 1099-R reflected that no amounts were withheld. The record therefore establishes that petitioner made no estimated tax payments during 2002, and no exception under section 6654(e) applies. We therefore find that petitioner is liable for the estimated tax addition for 2002.

Whether Petitioner May Itemize Deductions in 2002

The next issue is whether petitioner is entitled to itemize deductions he allegedly paid during 2002. A taxpayer may generally elect to itemize deductions or claim the standard deduction. See sec. 63(b) and (c)(1). If married individuals file separately and one spouse elects to itemize deductions, then the other spouse is not entitled to the standard deduction. See sec. 63(c)(6)(A). Married taxpayers filing separately must be consistent in their election to itemize deductions. See Salati v. Commissioner, T.C. Memo. 1989-192. Here, petitioner's wife timely filed a return for 2002 and claimed the standard deduction. We need not address, however, whether petitioner was entitled to itemize deductions, because he has not filed a valid return. Petitioner is therefore ineligible to itemize. See Brunner v. Commissioner, T.C. Memo. 2004-187 (taxpayer did not

file a tax return and, consequently, did not elect to itemize deductions), affd. per curiam __ Fed. Appx. ___ (3d Cir., July 21, 2005); Andreas v. Commissioner, T.C. Memo. 1993-551 (section 63 and the relevant regulations do not authorize the election to itemize deductions unless a return is filed).

Section 6673 Penalty

We now address whether to impose a penalty against petitioner pursuant to section 6673, which authorizes the Tax Court to impose a penalty up to $25,000 on a taxpayer if the Court finds, among other things, that the taxpayer instituted or maintained proceedings primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987); Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000).

Petitioner does not here argue for any change in the law. Instead, petitioner argues that the tax laws do not apply to him. Petitioner's arguments are frivolous. Petitioner deserves a penalty under section 6673(a)(1), and that penalty should be substantial, if it is to have the desired deterrent effect. Cf. Talmage v. Commissioner, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996). The purpose of section 6673 is to compel taxpayers to think and to conform their

conduct to settled tax principles.  Coleman v. Commissioner, supra; see also Takaba v. Commissioner, 119 T.C. 285, 295 (2002); Grasselli v. Commissioner, T.C. Memo. 1994-581.  Section 6673 is a penalty provision intended to deter and penalize frivolous claims and positions in proceedings before this Court.  Bagby v. Commissioner, 102 T.C. 596, 613-614 (1994).

In this proceeding now before the Court, petitioner asserts nothing but frivolous and groundless arguments.  We believe that petitioner will continue to do so unless and until he is sent a message that his behavior is unacceptable.  Petitioner raised the same arguments in Lange involving his purported return for 2000. We advised petitioner then that his arguments were frivolous and that he risked a section 6673 penalty if he proceeded.  We also advised petitioner on three occasions in the current proceeding (at calendar call, at trial, and in a subsequent order) that he risked incurring a section 6673 penalty if he persisted in advancing frivolous arguments.  Following one warning that he was wasting the Court's time with his frivolous arguments, petitioner replied:  "I understand what you are saying" but "I don't consider it a waste."  It is apparent from the entire record that petitioner instituted or maintained this proceeding primarily, if not exclusively, as a protest against the Federal income tax system and his proceeding in this Court is merely a continuation of petitioner's refusal to acknowledge and satisfy his tax obligations.  We therefore shall require petitioner to pay a penalty of $5,000 pursuant to section 6673(a)(1).  In addition,

we take this opportunity to admonish petitioner that the Court will consider imposing a larger penalty if petitioner returns to the Court and advances similar arguments in the future.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.