T.C. Memo. 2006-27

UNITED STATES TAX COURT

FRED DEUTSCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3583-05L.               Filed February 15, 2006.

<u>Ira B. Stechel</u> and <u>John T. Morin</u>, for petitioner.

<u>William C. Bogardus</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  This collection review case is before the
Court on respondent's motion for partial summary judgment
pursuant to Rule 121.[1]  As explained in detail below, we shall
grant respondent's motion.

---

[1]Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code.

Background[2]

On March 3, 2001, petitioner executed and submitted to respondent a Form 2848, Power of Attorney and Declaration of Representative, appointing Richard H. Champion (Mr. Champion), identified as an attorney, to act as petitioner's representative with regard to Federal income tax matters for 1995 through 1998. On March 3, 2001, Penny Drue Baird (Ms. Baird), petitioner's wife, executed and submitted to respondent a separate Form 2848, appointing Mr. Champion to act as her representative with regard to Federal income tax matters for 1994 through 1998. Paragraph 5 of each Form 2848 states:

> **Acts authorized**. The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns. * * *

The remainder of paragraph 5 of Form 2848 provides a space where a taxpayer may list specific additions to or deletions from the acts that the representative is authorized to perform. Those spaces on petitioner's and Ms. Baird's Forms 2848 are blank.

---

[2]The following summary of the relevant facts is based on the parties' pleadings with attached exhibits. The facts are stated solely for the purpose of deciding the pending motion and are not findings of fact for other purposes of this case. See Rule 1(a); Fed. R. Civ. P. 52(a).

Petitioner allegedly informed Mr. Champion he did not owe any material amount of tax to the Internal Revenue Service (IRS) for the years at issue because he believed that he had sustained over $8 million of business losses in earlier years that carried forward to the years in question. Petitioner expected Mr. Champion to communicate with him regularly, inform him of any developments in his case, and obtain his consent to any agreement that would bind him to any tax liability.

On January 14, 2003, Mr. Champion executed on petitioner's behalf a Form 4549, Income Tax Examination Changes, consenting to the immediate assessment and collection of the following additional taxes, fraud penalties under section 6651(a)(1) and (f), and interest computed to February 8, 2003, for 1995 and 1996:

| Year | Tax | Penalty | Interest |
|------|------|---------|----------|
| 1995 | $182,167 | $136,625.25 | $229,530.82 |
| 1996 | 114,958 | 86,218.50 | 115,781.70 |

On January 14, 2003, Mr. Champion executed on petitioner's and Ms. Baird's behalf a Form 4549 consenting to the immediate assessment and collection of the following additional tax, fraud penalty under section 6663(a), and interest computed to February 8, 2003, for 1997:

| Year | Tax | Penalty | Interest |
|------|------|---------|----------|
| 1997 | $252,079 | $84,059.85 | $148,078.32 |

The Forms 4549 state: "I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in the report."

On January 27, 2004, respondent mailed to petitioner a Final Notice, Notice of Intent to Levy and Your Right to a Hearing Under IRC 6330 for 1995, 1996, and 1997 (the levy notice). In response to the levy notice, petitioner's counsel Ira B. Stechel (Mr. Stechel) on behalf of petitioner submitted to respondent a timely Form 12153, Request for a Collection Due Process Hearing. On the Form 12153, Mr. Stechel explained that petitioner did not agree with the levy because:

> The amounts reflected as the taxpayer's liabilities for the tax years in question are incorrect and have been substantially reduced upon administrative review by the Service. In addition, the taxpayer will shortly file returns for the years in question which will supersede the substitutes for return prepared by the Service for the taxpayer's 1995 and 1996 taxable years and which will amend the taxpayer's return for his taxable year 1997, which returns will claim net operating loss carryforwards and carrybacks and passive loss carryforwards that are anticipated to eliminate much, if not all, of the liabilities assessed against the taxpayer for these years.

By letter dated July 15, 2004, respondent advised petitioner that his case had been assigned to Appeals Officer Joan Azim of respondent's Appeals Office in Manhattan, New York.

On August 30, 2004, petitioner filed tax returns for 1995 and 1996 that reported taxes due of $19,096 and $14,334, respectively, and an amended return for 1997 that reported an

overpayment of $248,093. At that time, petitioner also filed returns for 1998 through 2002 that reflected tax liabilities of $11,484 for 1998 and $22,099 for 1999 and overpayments of tax of $132,870 for 2000, $131,289 for 2001, and $242,448 for 2002 (a net overpayment of $473,024).

Mr. Stechel sent copies of the 1995 and 1996 returns and the amended return for 1997 to Appeals Officer Azim. In the cover letter, Mr. Stechel stated: "As we previously discussed, I am enclosing a set of the returns being filed contemporaneously on behalf of the taxpayer. I believe that these filings will render moot the necessity for a Collection Due Process hearing. Please call me if you have had the opportunity to review these enclosures."

Respondent did not accept the returns for 1995 and 1996 or the amended return for 1997. Respondent accepted the returns for 1998 through 2004. Respondent did not credit the overpayment petitioner claimed for 2000 because credit or refund of the overpayment was barred by section 6511(b)(1).

On January 21, 2005, respondent's Appeals Office mailed to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the filing of the levy notice against petitioner. On February 24, 2005, petitioner timely filed with the Court a petition challenging respondent's notice of determination.

Petitioner alleged in the petition that respondent erred in determining that he had any outstanding tax liability for 1995, 1996, or 1997.  After filing an answer to the petition, respondent filed a motion for partial summary judgment. Petitioner filed an opposition to respondent's motion, respondent filed a response to petitioner's opposition to respondent's motion, and petitioner filed a response to respondent's response to petitioner's opposition to respondent's motion.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy if "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Marshall v. Commissioner, 85 T.C. 267, 271

(1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). The party opposing the motion, however, cannot rest upon the allegations or denials in the pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d).

Respondent asserts that there is no issue as to any material fact and that, as a matter of law, petitioner was not permitted to challenge his underlying tax liability for 1995, 1996, or 1997 during the administrative proceeding and cannot challenge them in this proceeding. We agree.

Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before the IRS can collect tax by levy. Upon request, a taxpayer is entitled to a fair hearing before an impartial officer from the IRS Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, the Appeals officer is required to verify that the requirements of any applicable law or administrative procedure have been met and to consider any relevant issue the taxpayer raises relating to the unpaid tax or the proposed levy. Sec. 6330(c)(1) and (2)(A).

A taxpayer may generally raise any relevant issue relating to his/her unpaid tax liability or the proposed levy during the hearing. Relevant issues include an appropriate spousal defense, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The

taxpayer may challenge the existence or amount of the underlying tax liability if he/she did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute it.  Sec. 6330(c)(2)(B).

Section 6330 does not provide an opportunity to contest tax liability for a taxpayer who chooses not to receive a notice of deficiency.  Id.; see also Sego v. Commissioner, 114 T.C. 604, 611 (2000) (taxpayers who deliberately refused to accept delivery of the notices of deficiency repudiated the opportunity to contest the notices of deficiency in the Tax Court).  For purposes of section 6330(c)(2)(B), a taxpayer who has waived his/her right to challenge the proposed assessments is deemed to have had an opportunity to dispute tax liabilities and is thereby precluded from challenging those tax liabilities in a section 6330 hearing.  Zapara v. Commissioner, 124 T.C. 223, 228 (2005); Aguirre v. Commissioner, 117 T.C. 324, 327 (2001).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).  If the Commissioner issues a determination letter to

the taxpayer following an administrative hearing, the taxpayer may file a petition for judicial review of the administrative determination. Sec. 6330(d)(1); Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). In a proceeding commenced under section 6330(d), the Court applies a de novo standard to determine a taxpayer's underlying tax liability, when and if it is at issue, and an abuse of discretion standard to review certain other administrative determinations of the Commissioner. Sego v. Commissioner, supra at 610.

Petitioner alleged in the petition that respondent erred in determining that he had any outstanding tax liability for 1995, 1996, or 1997. Respondent asserts that, in accordance with Zapara v. Commissioner, supra at 238, and Aguirre v. Commissioner, supra at 327, petitioner is precluded from challenging the underlying tax liabilities in this judicial proceeding because Mr. Champion, as petitioner's authorized representative, signed the Forms 4549 waiving petitioner's right to challenge the proposed assessments.

Petitioner asserts that Zapara and Aguirre do not apply because in those cases it was the taxpayers who signed the waivers. Petitioner contends that (1) the Forms 2848 did not authorize Mr. Champion to execute returns on petitioner's behalf; (2) the Forms 4549 in issue "embodied the revenue agent's

determinations and served as the functional equivalent of a substitute for a return"; (3) Mr. Champion executed the Forms 4549 without petitioner's knowledge or consent; and (4) respondent assessed the taxes, penalties, and interest computed on the basis of substitutes for returns that petitioner neither consented to nor signed. Petitioner frames the issue to be herein decided as: "Whether enforced collection by Respondent of an assessment based upon an unsigned substitute for return and unaccompanied by a Notice of Deficiency may be upheld by this Court."

Petitioner's argument appears to be as follows: (1) Because the income tax liabilities shown on the Forms 4549 were made on the basis of the substitutes for return prepared by respondent, the Forms 4549 are the equivalent of returns; (2) inasmuch as Mr. Champion was not authorized to sign returns on petitioner's behalf, Mr. Champion was not authorized to sign the Forms 4549 on petitioner's behalf; (3) since Mr. Champion was not authorized to sign the Forms 4549 on petitioner's behalf, the waivers on the forms are invalid; (4) since the waivers are invalid, respondent was required to issue petitioner a notice of deficiency; and (5) because respondent did not issue petitioner a notice of deficiency, and petitioner has not otherwise had an opportunity to challenge the tax liabilities in issue, petitioner may challenge those liabilities at the collection review hearing.

Petitioner's argument is flawed in two crucial respects. First, Forms 4549 are not returns, and second, Mr. Champion was authorized to sign an agreement waiving petitioner's rights to a notice of deficiency.

In general, a document filed with the IRS is treated as a return if the document:  (1) Contains sufficient data to calculate the tax liability; (2) purports to be a return; (3) represents an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) is executed under penalties of perjury.  Beard v. Commissioner, 82 T.C. 766, 777 (1984) (citing Badaracco v. Commissioner, 464 U.S. 386 (1984); Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934); and Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930)), affd. 793 F.2d 139 (6th Cir. 1986).  The Forms 4549 were not returns because, among other reasons, they were not signed under penalty of perjury.

The significance of a sworn verification that the document is true and correct is unmistakably clear.  Section 6065 specifically requires that a return "shall contain or be verified by a written declaration that it is made under the penalties of perjury."  See also sec. 1.6065-1(a), Income Tax Regs.  Even those Forms 1040 submitted to the IRS in which the verification language has been obliterated do not constitute valid returns.  Ledbetter v. Commissioner, 837 F.2d 708, 710 (5th Cir. 1988),

affg. T.C. Memo. 1986-575; United States v. Moore, 627 F.2d 830 (7th Cir. 1980); Cupp v. Commissioner, 65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Lee v. Commissioner, T.C. Memo. 1981-26 (Forms 1040 that were not signed under penalties of perjury were not valid returns for that fact alone), affd. 723 F.2d 1424 (9th Cir. 1984); see Lucas v. Pilliod Lumber Co., 281 U.S. 245, 248 (1930) (corporate return).

As its title, "Income Tax Examination Changes", connotes, Form 4549 is the form the IRS uses to explain and/or describe changes made to a taxpayer's income tax by the IRS Examination Division.  As a general rule, the Commissioner may not assess or collect a taxpayer's deficiency unless the requisite notice of deficiency is sent.  Secs. 6212 and 6213.  If the taxpayer agrees to changes described on a Form 4549, the form provides a space that permits the taxpayer to indicate his/her agreement to the changes and to waive restrictions such as the statutory notice requirement on the assessment of the agreed tax.  The waiver on Form 4549 (like the waiver in Form 870) permits the taxpayer to waive the right to file a pre-payment action in this Court without foreclosing his/her right to seek a refund of the tax once paid.  See Smith v. United States, 328 F.3d 760, 766-768 (5th Cir. 2003) (comparing Form 870 with Forms 870-L and 870-L(AD)); Philadelphia & Reading Corp. v. United States, 944 F.2d 1063, 1067 (3d Cir. 1991) (a taxpayer should not sign a Form

870 unless he/she is willing to waive his/her right to challenge the tax in the Tax Court before paying the tax and any penalties due).

A taxpayer is not required to sign the Form 4549. If the taxpayer does not sign the Form 4549, the Commissioner ordinarily must issue a notice of deficiency before the tax deficiency may be assessed and collected.

Mr. Champion signed the Forms 4549 on petitioner's behalf pursuant to the authority petitioner granted to him in the Form 2848. Pursuant to the Form 2848, petitioner authorized Mr. Champion "to perform any and all acts" that petitioner could perform with respect to his taxes for 1995 through 1998, including "the authority to sign any agreements, consents, or other documents". Thus, petitioner authorized Mr. Champion to sign an agreement with respect to petitioner's tax liabilities for 1995 through 1998 and to consent to the immediate assessment and collection of those liabilities. An executed Form 2848 gives the person holding the power of attorney the authority to sign a consent agreement on behalf of the taxpayer. See, e.g., Scherr v. Commissioner, T.C. Memo. 1991-92 (the person holding the power of attorney was authorized to sign a consent agreement extending the period for assessment). Although Mr. Champion could not sign a return on petitioner's behalf, we have previously found that the Forms 4549 were not returns.

By signing Form 4549, Mr. Champion, as petitioner's agent, agreed to the amounts of petitioner's liabilities for taxes, penalties, and interest for the years 1996 through 1998, as well as the immediate assessment and collection of those liabilities. See Hudock v. Commissioner, 65 T.C. 351, 363 (1975) (Form 4549 is evidence of the taxpayer's consent to the immediate assessment and collection of the proposed deficiency).  By signing the Forms 4549, Mr. Champion explicitly waived petitioner's right to contest in the Tax Court petitioner's tax liabilities for the years covered in the Forms 4549.

When a taxpayer executes a valid Form 2848, he is normally bound by the acts performed by his agent pursuant to the power of attorney.  Willoughby v. Commissioner, T.C. Memo. 1994-398; Lyon v. Commissioner, T.C. Memo. 1994-351; Lefebvre v. Commissioner, T.C. Memo. 1984-202 (1984), affd. 758 F.2d 1340 (9th Cir. 1985). Petitioner does not dispute that he granted Mr. Champion authority to represent him with respect to the years at issue. Moreover, petitioner does not claim that the Form 2848 was invalid.  See Lavine v. Commissioner, T.C. Memo. 1995-270.

Even if Mr. Champion executed the waivers without seeking petitioner's consent, petitioner is bound by Mr. Champion's acts insofar as respondent is concerned.  Respondent had no reason to know that Mr. Champion's conduct may have been improper.  This is so even if Mr. Champion's actions did not benefit petitioner.

See, e.g., <u>Willoughby v. Commissioner</u>, <u>supra</u>; 1 Restatement, Agency 2d, secs. 112 comment C, 165 (1958).  Accordingly, the waivers are valid, and the assessment of the tax was proper.

Under the circumstances, petitioner is deemed to have had a prior opportunity to dispute his liabilities for 1995, 1996, and 1997 within the meaning of section 6330(c)(2)(B).  Consequently, petitioner is not entitled to challenge the existence or amount of his 1995, 1996, and 1997 tax liabilities during the collection review process.  See <u>Zapara v. Commissioner</u>, 124 T.C. at 228; <u>Aguirre v. Commissioner</u>, 117 T.C. at 327.

To reflect the foregoing,

<u>An order granting respondent's</u> <u>motion for partial summary judgment</u> <u>will be issued</u>.