T.C. Summary Opinion 2015-20

UNITED STATES TAX COURT

MARIA SANCHEZ, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22622-12S.                    Filed March 18, 2015.

<u>George L. Willis</u> and Anna Evans (student), for petitioner.

<u>Whitney N. Moore</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the relevant period.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a final notice of determination dated July 20, 2012, respondent denied petitioner's claim for section 6015 relief with respect to her outstanding 2006 Federal income tax liability assessed by agreement following respondent's examination of the 2006 Federal income tax return of a different individual. The issues for decision are: (1) whether petitioner is "an individual who has made a joint return" within the meaning of section 6015(a); and, if so, (2) whether she is entitled to relief under that section.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

Petitioner and Francisco A. Sanchez Rodriguez married on December 24, 1988. They separated on November 6, 2006, and petitioner filed for divorce in mid-2007. The divorce was finalized in 2011.

From the beginning of their marriage petitioner and Mr. Rodriguez filed a joint Federal income tax return for each tax year before 2006. They relied on an accountant to prepare the returns on the basis of information that Mr. Rodriguez

provided. Petitioner did not provide information for the preparation of the tax returns, nor did she review the returns; she did, however, sign them.

Mr. Rodriguez' 2006 Federal income tax return was filed during October 2007 (Mr. Rodriguez' return). His filing status is shown as "single" on that return. Mr. Rodriguez did not claim petitioner as a dependent on his return. She did not file a 2006 Federal income tax return, nor did she discuss with Mr. Rodriguez before his return was filed the possibility of filing a 2006 joint return. She was not involved in the preparation of Mr. Rodriguez' return, and she did not sign that return. Petitioner became aware of that return only after it was filed and selected for examination.

At the time Mr. Rodriguez' return was filed, the couple was separated, and petitioner had already initiated divorce proceedings. According to petitioner, Mr. Rodriguez did not include her as a joint filer on the return "because he was angry * * * [they] had just separated." Petitioner did not file a 2006 Federal income tax return, and the record is unclear regarding whether she was obligated to do so.

The examination of Mr. Rodriguez' return resulted in the determination of a deficiency. The revenue agent conducting the examination of Mr. Rodriguez' return apparently concluded that Mr. Rodriguez and petitioner would benefit, at least as far as their Federal income tax liabilities were concerned, if they were to

file a joint return. The revenue agent prepared a Form 4549, Income Tax

Examination Changes (consent), as though they had, although they never actually

did. The deficiency shown on the consent was computed as though petitioner and

Mr. Rodriguez had filed a 2006 joint return. Mr. Rodriguez signed the consent on

April 9, 2009; petitioner signed it on June 9, 2009. See sec. 6213(d).[2] The

Federal income tax liability arising from her decision to do so is the liability to

which her Form 8857, Request for Innocent Spouse Relief, dated May 16, 2011,

relates.

## Discussion

Section 6013(a) provides generally that spouses may elect to file a joint

Federal income tax return even though one of them has neither income nor

deductions. As a general rule, a joint return must be signed by both spouses. Sec.

1.6013-1(a)(2), Income Tax Regs. If a joint return is filed, then the spouses are

jointly and severally liable for the tax (including deficiencies) and related amounts

assessed as a result. Sec. 6013(d)(3).

---

[2]By signing the consent, Mr. Rodriguez and petitioner waived the restrictions on assessment and collection provided in sec. 6213(a) and authorized the Commissioner to immediately assess and collect the deficiency and related amounts shown on the consent. See sec. 6213(d).

Upon request or election, a spouse may be relieved of joint and several liability arising from the filing of a joint return if the spouse satisfies one or more provisions of section 6015. Relief is available under section 6015 only with respect to an income tax liability arising from a joint return. See Alt v. Commissioner, 119 T.C. 306, 312 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004); Raymond v. Commissioner, 119 T.C. 191, 194-197 (2002). Our jurisdiction to review the Commissioner's determination or failure to act in response to a taxpayer's request for section 6015 relief is found in section 6015(e)(1). In cases commenced under authority of that section, such as this one, we consider whether the taxpayer is entitled relief described in section 6015(b), (c) or (f); we do not consider challenges as to the viability of the tax liability from which the taxpayer seeks relief. See Block v. Commissioner, 120 T.C. 62, 64-65 (2003).

Petitioner did not participate in the preparation of or sign Mr. Rodriguez' return. As best we can tell from what has been submitted, other than the liability that can be traced to that return she had no Federal income tax liability for 2006. According to petitioner, Mr. Rodriguez' return should be treated as her joint return "[b]ecause I thought my husband would do it since we were married and he was in the business".

Married taxpayers must intend to file a joint return. See Lane v. Commissioner, 26 T.C. 405, 408 (1956). The spouses' intent, an issue of fact, see Estate of Campbell v. Commissioner, 56 T.C. 1, 12-13 (1971); Harrington v. Commissioner, T.C. Memo. 2012-285, at *8, is gleaned from all the facts and circumstances, see Helfrich v. Commissioner, 25 T.C. 404, 407 (1955); McCanless v. Commissioner, T.C. Memo. 1987-573. Under normal circumstances, the requisite intent of the spouses is evidenced by the signature of each on the joint return. The failure of one spouse to sign a return, however, is not necessarily fatal to an election to file jointly if the facts and circumstances show that both spouses intended to do so. See Estate of Campbell v. Commissioner, 56 T.C. at 12.

Under the circumstances, we find that at the time that Mr. Rodriguez' return was prepared and filed, he did not have the requisite intent to file a joint return with petitioner. His return was prepared after they had separated and was filed after petitioner had initiated divorce proceedings. Mr. Rodriguez' return did not include petitioner's name or signature, nor did he claim an exemption for petitioner. On his return he listed his filing status as "single". Further supporting a lack of intent to file a joint return, petitioner described Mr. Rodriguez' mental state at the time he prepared and filed the return as being "angry" with her.

Therefore, we find that Mr. Rodriguez' return, as filed, is not a joint return within the meaning of section 6013(a).

Subject to a variety of limitations and conditions, spouses may elect to file a joint return after separate returns have been filed. See sec. 6013(b). According to petitioner, the consent should be treated as a joint return for purposes of section 6015. Considering that the consent was, in effect, treated as a joint return by the revenue agent who examined Mr. Rodriguez' return, petitioner's argument has more than a little attraction. Nevertheless, we are unable to fit the round peg of her argument into the square hole of technical requirements.

Generally, pursuant to section 6011(a) a taxpayer obligated to file a Federal tax return must conform to the forms and regulations prescribed by respondent. See sec. 1.6011-1(a), Income Tax Regs. Even though signed by petitioner and Mr. Rodriguez, the consent is hardly a form described in section 6011 or section 1.6011-1, Income Tax Regs. Furthermore, a Form 4549 is not signed by the taxpayer under penalties of perjury, one of the critical requirements for a document to be treated as a Federal income tax return. See sec. 6065; see also Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986); Deutsch v. Commissioner, T.C. Memo. 2006-27, aff'd, 478 F.3d 450 (2d

Cir. 2007). Petitioner's argument that the consent should be treated as a joint return is rejected.

In closing we think it is appropriate to state that nothing in this Summary Opinion should be taken as a comment as to the validity of the assessment made against petitioner on the basis of the consent. Otherwise, because the tax liability to which petitioner's request for section 6015 relief relates was not assessed pursuant to a joint return, she is not entitled to the relief she seeks in this proceeding.

To reflect the foregoing,

Decision will be entered

for respondent.