T.C. Memo. 2021-57

UNITED STATES TAX COURT

STANLEY BATTAT AND ZMIRA BATTAT, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17784-12.                    Filed May 11, 2021.

<u>Joseph A. DiRuzzo III</u> and <u>Daniel M. Lader</u>, for petitioners.

<u>W. Robert Abramitis</u> and <u>Daniel C. Munce</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This case is before the Court on petitioners' motion for
partial summary judgment.  The issue for decision is whether the Form 4549,

[*2] Income Tax Examination Changes, also known as a revenue agent report (RAR),[1] sent with a Letter 4121, Agreed Examination Report Transmittal, was the "initial determination" by an "individual" to impose a penalty for purposes of section 6751(b).[2]  For the reasons stated below we conclude that the Form 4549 sent with the Letter 4121 was the initial determination, and we will grant petitioners' motion.

## Background

The audit in this case commenced on May 19, 2011.  On November 28, 2011, an IRS examining agent (EA) sent petitioners an RAR attached to a Letter 4121 regarding petitioners' 2008 taxable year.  The EA's name appears in the signature box provided for the IRS agent who prepared the RAR.  The RAR states

---

[1]The Internal Revenue Service (IRS) uses Forms 4549 and 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), to state what it has concluded is the amount of a taxpayer's income tax liability.  See Deutsch v. Commissioner, T.C. Memo. 2006-27, 2006 WL 345848, at *5, aff'd, 478 F.3d 450 (2d Cir. 2007); Internal Revenue Manual pt. 4.10.8.11.1 (June 10, 2005).  Form 4549-A is also known as an examination report.  See, e.g., Clay v. Commissioner, 152 T.C. 223, 232 (2019), aff'd, 990 F.3d 1296 (11th Cir. 2021); Bourekis v. Commissioner, 110 T.C. 20, 22 (1998); Goldberg v. Commissioner, T.C. Memo. 2020-38, at *138; see also Branerton Corp. v. Commissioner, 64 T.C. 191, 194-195 (1975).

[2]Section references are to the Internal Revenue Code, Title 26 U.S.C., in effect for all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] the amount of petitioners' "corrected" tax due and that petitioners are liable for a section 6662 penalty of $345,143 for 2008. The RAR also includes a signature box that, if signed by petitioners, provides their "consent to the immediate assessment and collection of any increase in tax and penalties * * * shown" on the RAR.

Enclosed with the RAR was a copy of Publication 3498, The Examination Process, which states:

> If you do not agree with the proposed changes, the examiner will explain your appeals rights. * * * [Y]ou may request an immediate meeting with the examiner's supervisor to explain your situation.* * *

> If you cannot reach an agreement with the supervisor at this meeting, * * * the examiner will prepare a report explaining your position and ours. The examiner will forward your case to the Area office for processing.

> You will receive:

> • A letter (known as a 30-day letter) notifying you of your rights to appeal the proposed changes within 30 days * * *

In this case the EA's immediate supervisor did not sign or otherwise approve in writing the Letter 4121, the RAR, or the penalty liability stated therein.

On December 8, 2011, the EA issued a Form 4549-A attached to a Letter 950, 30-day letter, for the 2008 tax year. Also on that day the EA received written supervisory approval for the section 6662 penalty from her acting supervisor.

**[*4]** <u>Discussion</u>

A.    <u>Summary Judgment</u>

Summary judgment is designed to expedite litigation and avoid unnecessary and expensive trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or part of the legal issues presented if "there is no genuine dispute as to any material fact and * * * a decision may be rendered as a matter of law."  Rule 121(a) and (b); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  Petitioners, as the party moving for partial summary judgment, bear the burden of showing that there is no genuine dispute as to any material fact, and all factual inferences will be drawn in a manner most favorable to respondent.  <u>See</u> <u>Sundstrand Corp v. Commissioner</u>, 98 T.C. at 520.  The facts needed to decide petitioners' motion are not in dispute.

Section 6751(b)(1) provides that "[n]o penalty * * * shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination".  Petitioners are entitled to partial summary judgment if the initial determination was included in the RAR because supervisory approval was not provided before the RAR was issued.

**[*5]** B.        Initial Determination Included in the RAR

The EA sent the RAR bearing her electronic signature to petitioners on November 28, 2011, attached to the Letter 4121.  The RAR states that it shows the corrected amount of petitioners' tax liability and section 6662 penalty.  The attached Publication 3498 states that petitioners could appeal the RAR if they did not agree with the amount of tax and penalty liability stated therein.

Section 6751(b)(1) requires approval for the "initial determination" of a penalty assessment.  A signed, completed RAR sent with a Letter 4121 includes an "initial determination" for purposes of section 6751(b)(1).  See Beland v. Commissioner, 156 T.C. __, __ (slip op. at 9-12) (Mar. 1, 2021); see also Oropeza v. Commissioner, 155 T.C. __, __ (slip op. at 17) (Oct. 13, 2020).

"[The] term ['determination'] has an established meaning in the tax context and denotes a communication with a high degree of concreteness and formality", Belair Woods, LLC v. Commissioner, 154 T.C. 1, 15 (2020), and denotes a "consequential moment" of IRS action, Chai v. Commissioner, 851 F.3d 190, 220-221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42.  The RAR states that it shows the "corrected" amount of petitioners' tax and penalty liability.  The RAR also includes a signature box for petitioners to consent to the assessment of those tax and penalty amounts.

**[\*6]**   Providing the opportunity to consent to assessment of tax and penalty is a "consequential moment" to a taxpayer and the Commissioner.  See <u>Beland v. Commissioner</u>, 156 T.C. at __ (slip op. at 10); <u>Belair Woods v. Commissioner</u>, 154 T.C. at 15.  A signed, completed RAR sent with a Letter 4121 provides the requisite definiteness and formality to constitute an "initial determination" for purposes of section 6751(b)(1).  <u>See</u> <u>Beland v. Commissioner</u>, 156 T.C. at __ (slip op. at 13); <u>Oropeza v. Commissioner</u>, 155 T.C. at __ (slip op. at 17).  The RAR includes the EA's initial determination and, because no supervisor approval was provided before the RAR was issued to petitioners, the penalty did not meet the requirements of section 6751(b).

To reflect the foregoing,

<u>An appropriate order granting petitioners' motion will be issued</u>.